CLD-020                                                     **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1333
_____

In re:  BERNARD ANDREW ROTHMAN,

Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 19-cv-17593)
District Judge:  Honorable Robert B. Kugler
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 28, 2021

Before:  AMBRO, SHWARTZ and BIBAS, Circuit Judges

(Opinion filed November 4, 2021)
_____

OPINION*
_____

PER CURIAM

Bernard Rothman appeals from the District Court's order denying his motion for

reconsideration.  Because the District Court did not err in determining that Rothman's

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

appeal from a Bankruptcy Court's order was moot, we will summarily affirm the District Court's judgment.

## I.

In March 2019, Rothman filed a bankruptcy petition, triggering an automatic stay preventing creditors from obtaining any property of the bankruptcy estate. See 11 U.S.C. § 362(a)(3). Wells Fargo moved for relief from the automatic stay so that it could pursue its state court remedies with respect to real property. The Bankruptcy Court granted the motion, and Rothman filed a notice of appeal which was docketed in the United States District Court for the District of New Jersey at Civ. No. 19-cv-16309 ("first appeal").

Rothman then filed a motion in the Bankruptcy Court requesting that it stay its order pending his appeal to the District Court. The Bankruptcy Court denied the motion, and Rothman filed a notice of appeal which was docketed at Civ. No. 19-cv-17593 ("second appeal").

On May 26, 2020, in the first appeal, the District Court affirmed the Bankruptcy Court's order granting Wells Fargo relief from the automatic stay. Rothman did not appeal the District Court's decision, and the time to do so expired thirty days later on June 25, 2020. See Fed. R. App. P. 4(a)(1)(A).

The next day, on June 26, 2020, the District Court denied as moot Rothman's appeal of the Bankruptcy Court's order denying his motion for a stay pending the first appeal. It reasoned that the second appeal became moot once the first appeal was no longer pending. Two months later, Rothman filed a motion requesting that the District Court reopen the matter and reconsider its ruling. He did not address the District Court's

2

determination that his appeal was moot.  The District Court denied the motion as untimely and without merit.  Rothman filed a timely notice of appeal from the District Court's order denying the motion for reconsideration.

II.

We have jurisdiction pursuant to 28 U.S.C. §§ 158(d) and 1291.  Because the District Court's June 26, 2020 order denying the second appeal contained its reasoning and was not set out on a separate document, the order was not considered entered until 150 days after entry of the order on the docket.  See Fed. R. App. P. 4(a)(7)(A)(ii); Fed. R. Civ. P. 58(a) & (c)(2)(B); Witasick v. Minn. Mut. Life Ins. Co., 803 F.3d 184, 187 (3d Cir. 2015) (explaining that an order must omit reasoning to be considered a separate document).  Thus, Rothman's motion for reconsideration was timely filed, and we will review the District Court's June 26, 2020 order as well as the order denying reconsideration.  See LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 225 n.6 (3d Cir. 2007) (noting that, generally, a timely appeal from the denial of a timely motion for reconsideration brings up the underlying judgment for review).

We exercise plenary review over the District Court's ruling on mootness. Belitskus v. Pizzingrilli, 343 F.3d 632, 639 (3d Cir. 2003).  The District Court did not err in determining that Rothman's appeal of the Bankruptcy Court's order denying his motion to stay its earlier order pending the first appeal became moot once the first appeal was no longer pending.  After the District Court affirmed the Bankruptcy Court's order lifting the automatic stay and the time to appeal the District Court's order expired, the District Court became unable to grant the relief Rothman requested in the second appeal,

3

i.e., reversing the Bankruptcy Court's order denying Rothman's motion to stay its order pending the first appeal. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that . . . prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").

## III.

We now turn to the District Court's order denying Rothman's motion for reconsideration. We review the denial of such a motion for an abuse of discretion. See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008) (Rule 60(b) motions); Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999) (Rule 59(e) motions). Rothman sought reconsideration based on arguments about Wells Fargo's standing. He did not address the District Court's determination that his appeal of the Bankruptcy Court's order was moot. Rothman failed to present to the District Court any of the grounds that would allow a judgment to be altered, amended, or set aside. See Fed. R. Civ. P. 60(b)(1)–(6);[1] United States ex rel. Schumann v. AstraZeneca Pharm. L.P., 769 F.3d 837, 848–49 (3d Cir. 2014) (noting a judgment "may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was

---

[1] Rule 60(b) provides for relief from a judgment or order based on: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or other misconduct of an adverse party; (4) a void judgment; (5) the satisfaction, release or discharge of a judgment or inequity in the prospective application of the judgment; or (6) any other reason justifying relief from operation of the judgment.

4

not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice" (internal quotation marks omitted)).

Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's judgment. See Third Circuit I.O.P. 10.6.